UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KLAUS ROSENSTERN, individually and as
Executor of the Estate of JANET
ROSENSTERN,

   Plaintiff,

 v.

ALLERGAN, INC., AND ALLERGAN USA,
INC.,

   Defendants.

No. 13 C 4416

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Plaintiff Klaus Rosenstern has moved for leave to file an amended complaint joining Dr. Steven Dayan and the entities through which he does business, True Skin Care Center and Chicago Center for Facial Plastic Surgery S.C., as defendants pursuant to Federal Rule of Civil Procedure 20(a)(2)(A). R. 52; R. 57. Rosenstern's complaint alleges that Dr. Dayan and his businesses are Illinois residents. R. 57 ¶¶ 14-15. Since Rosenstern is also an Illinois resident, and the Court's jurisdiction is based on diversity, Rosenstern's motion threatens to destroy diversity and divest the Court of jurisdiction.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." As the Seventh Circuit has emphasized, "[t]hese are the only options; the district court

may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (emphasis in original).

In order to assess whether post-removal joinder of a nondiverse party is appropriate, the Court considers the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759.

Here, it cannot be said that Rosenstern is motivated to defeat federal jurisdiction. There is no question that Dr. Dayan and his businesses are appropriate defendants, since Rosenstern alleges that Dr. Dayan caused Janet Rosenstern's injuries by treating her with Botox. *See* R. 57. This alleged conduct clearly "aris[es] out of the same transaction or occurrence" as Rosenstern's allegations against Allergan as the manufacturer of Botox, and joinder would be appropriate on that basis. *See* Fed. R. Civ. P. 20(a)(2)(A). Moreover, it is patently clear from face of amended complaint that there are numerous common facts that would have to be tried twice—in this Court and in state court—if the Court does not permit joinder here. A single trial will conserve judicial resources.

The issue here, as Allergan notes, is whether Rosenstern's motion is timely and whether there is any prejudice to Allergan that would make joinder at this time inequitable. Allergan argues that "[r]emand to state court will inevitably cause the

trial of this matter to be delayed for years," and Rosenstern "has waited until the last minute to raise this issue with the Court." R. 59 ¶ 2.[1] It has been more than ten months since Allergan removed this case from state court on June 14, 2013. R. 1-1. But Rosenstern's delay in seeking to join Dr. Dayan and his businesses as defendants is a result of requirements of Illinois law rather than any intentional delay by Rosenstern. Rosenstern's original complaint included Dr. Dayan and his businesses as respondents in discovery pursuant to 735 ILCS 5/2-402. R. 1-1 (Counts XI-XIII). Rosenstern did not originally name them as defendants because Rosenstern had not yet consulted with a health professional as required by 735 ILCS 5/2-622 to determine whether there is a reasonable and meritorious cause of action against Dr. Dayan and his businesses. Rosenstern's counsel now affirms that he has consulted with a medical professional and has a basis to join Dr. Dayan. R. 58. Although it took several months for Rosenstern to complete this process, the Court cannot say that Rosenstern's motion is not timely.

Furthermore, a return to state court does not doom this case to additional "years" of litigation as Allergan contends. The discovery that the parties have already completed will not have to be duplicated upon remand. There is no reason that the state court will not dispatch this case with any less deliberate speed than would this Court.

---

[1] Dr. Dayan also filed an opposition to Rosenstern's motion, R. 60, but Dr. Dayan's brief included only argument regarding the substance of Rosenstern's allegations and not whether he should be properly joined.

**Conclusion**

For the foregoing reasons, Rosenstern's motion for leave to amend his complaint, R. 52, is granted, and the case is remanded to state court pursuant to 28 U.S.C. § 1447(e).

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 23, 2014